# UNITED STATES DISTRICT COURT
## Southern District of California

FILED
NOV 27 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA
V.
Salvador Villanueva (02)

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
CASE NUMBER: 02CR3103-W

REGISTRATION NO.

Date of Original Judgment: 2/24/05
(Or Date of Last Amended Judgment)

Michelle Betancourt, Federal Defenders Inc.
Defendant's Attorney

| | | | |
|---|---|---|---|
| X | Correction of Sentence on Remand (Fed. R. Crim. P. 35(a)) | | Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e)) |
| | Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b)) | | Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1)) |
| | Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c)) | | Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2)) |
| | Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36) | | Direct Motion to District Court Pursuant to |
| | | | 28 U.S.C. § 2255     18 U.S.C. § 3559(c)(7) |
| | | | Modification of Restitution Order |

**THE DEFENDANT:**

[X] was found guilty on count(s)  1 through 3 of the second superseding indictment  after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | Conspiracy to traffic in counterfeit goods | SS1 |
| 18 USC 545 AND 2 | Importation contrary to law | SS2 |
| 18 USC 2320 AND 2 | Attempt to traffic in counterfeit goods | SS3 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[X] Assessment: $ 300.00, if not already paid. Underlying indictments ordered dismissed.
[X] Fine Ordered waived

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

November 27, 2006
Date of Imposition of Sentence

THOMAS J. WHELAN
UNITED STATES DISTRICT JUDGE

DEFENDANT: SALVADOR VILLANUEVA (02)
CASE NUMBER: 02CR3103-W

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months on SS1, 60 months on SS2, 63 months on SS3. All counts to run concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: SALVADOR VILLANUEVA (02)
CASE NUMBER: 02CR3103-W

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years, each count, concurrently.

## MANDATORY CONDITIONS

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court . The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:     SALVADOR VILLANUEVA (02)
CASE NUMBER:   02CR3103-W

## SPECIAL CONDITIONS OF SUPERVISION

__X__   The defendant shall not possess firearms, explosive devices, or other dangerous weapons.

__X__   The defendant shall submit to search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer or other law enforcement officer.

__X__   The defendant shall report all vehicles owned, operated, or in which the defendant has an interest to the probation officer.

__X__   If deported, excluded or allowed to voluntarily return to the Republic of Mexico, the defendant shall not enter the United States of America illegally and shall report to the probation officer within 24 hours of any entry into the United States of America. Supervision ordered waived upon deportation, exclusion or voluntary departure.

__X__   The defendant shall provide complete disclosure of personal and business financial records to the probation officer as requested.

AO 245 S  RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT
==============================================================================
DEFENDANT: SALVADOR VILLANUEVA (02)                          JUDGMENT PAGE  5  OF  5
CASE NUMBER: 02CR3103-W

### RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT

IT IS ORDERED THAT the defendant pay restitution in the amount of $275,000.00, jointly and severally with the co-defendant, through the Clerk, U.S. District Court, in payments of $25.00 while in custody, to Gianni Versace, S.p.A., c/o Keats, McFarland & Wilson, 9720 Wilshire Boulevard, Beverly Hills, CA 90212. The Court further orders that interest is waived during the incarceration of the defendant.